UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| PETITIONER, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. EP-24-CV-0099-LS |
| | § | |
| $502,869.00, MORE OR LESS, IN | § | |
| FUNDS FOMERLY ON DEPOSIT IN | § | |
| PNC BANK ACCOUNT NUMBER | § | |
| XXXXXX0996, | § | |
| | § | |
| RESPONDENT. | | |

**MOTION FOR DEFAULT JUDGMENT OF FORFEITURE
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Petitioner United States of America, by and through Justin R. Simmons, United States Attorney for the Western District of Texas, and the undersigned Assistant United States Attorney, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 55(b)(2), for entry of a Default Judgment of Forfeiture against any and all right, title and interest of Forehand Traders LLC, Sheldon K. St. Prix, Flores, Tawney, Acosta P.C. Law Firm, Tawney, Acosta & Chaparro P.C., PNC Bank, AUSA District of New Mexico, and against any and all right, title and interest of any and all potential claimants, who were served by publication.

**I.**

The Motion is supported by the Verified Complaint for Forfeiture (ECF No. 1), which was filed in this cause by the United States of America on March 28, 2024, and by the Affidavit in Support of Request for Entry of Default by Assistant United States Attorney Patricia J. Acosta, dated January 20, 2026, which is attached hereto as "Appendix A" and both fully incorporated herein by reference. The below property is more fully described as:

- **Approximately $502,869.00, in funds formerly on deposit in PNC Bank account number XXXXXX0996,**

hereinafter referred to as the Respondent Property.

**II.**

On April 23, 2024, this Court issued an Order for Warrant of Arrest of Property (ECF No. 5). Accordingly, the Warrant for the Arrest of Property (ECF No. 6), issued on April 23, 2024. The Notice of Complaint for Forfeiture was duly published on an official government internet website (www.forfeiture.gov) for at least thirty (30) consecutive days, beginning on October 31, 2025, and ending on November 29, 2025, as required by Rule G(4)(a)(iv)(C), Supplemental Ruled for Admiralty or Maritime Claims and Asset Forfeiture Actions. The Declaration of Publication (ECF No. 20) was filed on January 16, 2026.

**III.**

In addition to the publication of public notice, the entity and individuals listed in the Government's Notice of Service (ECF No. 21), filed on January 20, 2026, were served with notice of this civil forfeiture action.

Accordingly, Forehand Traders LLC, Sheldon K. St. Prix, Flores, Tawney, Acosta P.C. Law Firm, Tawney, Acosta & Chaparro P.C., PNC Bank, AUSA District of New Mexico, and any and all other potential claimants, who were served by publication, have failed to file a claim or answer in this cause of action, and the time for filing such has now expired. Therefore, this case is currently in default, and it is appropriate for the United States to move for a Default Judgment against the right, title, and interest of Forehand Traders LLC, Sheldon K. St. Prix, Flores, Tawney, Acosta P.C. Law Firm, Tawney, Acosta & Chaparro P.C., PNC Bank, AUSA District of New Mexico, and any and all other potential claimants, who were served by publication, in the Respondent Property.

**IV.**

On January 22, 2026, pursuant to Fed. R. Civ. P. 55(a), the Clerk entered its Entry of

Default (ECF No. 23).

## V.

Therefore, since this case is currently in default as to the Respondent Property, and the Clerk has entered its Entry of Default, it is appropriate for the United States to move for a default judgment against any and all of the right, title, and interest of Forehand Traders LLC, Sheldon K. St. Prix, Flores, Tawney, Acosta P.C. Law Firm, Tawney, Acosta & Chaparro P.C., PNC Bank, AUSA District of New Mexico, and any and all other potential claimants, who were served by publication, in the Respondent Property.

## VI.

To the best of the undersigned Assistant United States Attorney's belief, only the parties served herein have an interest in the Respondent Property. The undersigned Assistant United States Attorney is not aware of a minor child, incompetent person, or person in the military with an interest in the action.

## VII.

The undersigned Assistant United States Attorney knows of no reason why a default judgment in favor of Petitioner United States of America should not be entered against the Respondent Property, defaulting any and all right, title, and interest of Forehand Traders LLC, Sheldon K. St. Prix, Flores, Tawney, Acosta P.C. Law Firm, Tawney, Acosta & Chaparro P.C., PNC Bank, AUSA District of New Mexico, and any and all other potential claimants, who were served by publication, in the Respondent Property.

## VIII.
**MEMORANDUM OF LAW**

Pursuant to the provisions of Title 28, U.S.C., Rule 55(b)(2), Fed. R. Civ. P., it is within the discretion of this Court to enter a judgment of default in favor of Petitioner United States of America against the Respondent Property, against any and all right, title, and interest of Forehand

Traders LLC, Sheldon K. St. Prix, Flores, Tawney, Acosta P.C. Law Firm, Tawney, Acosta & Chaparro P.C., PNC Bank, AUSA District of New Mexico, and any and all other potential claimants, who were served by publication, in the Respondent Property.  Rule 55(a), Fed. R. Civ. P., provides in part as follows:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

*See* Fed. R. Civ. P. Rule 55(a).

Judgment by default may be entered by the clerk upon request of the plaintiff and an affidavit of the amount due "[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain . . ." if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.  *See* Fed. R. Civ. P., Rule 55(b)(1). "In all other cases, the party entitled to a judgment by default shall apply to the Court therefore; . . ."  *See* Fed. R. Civ. P. Rule 55(b)(2).

In the instant case, any and all potential claimants were instructed that pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Fed. R. Civ. P., all persons asserting an interest in or claim against the Respondent Property who have received direct notice of the forfeiture action must file a verified claim with the Clerk of the United States District Court, Western District of Texas, El Paso Division, no later than **thirty-five (35)** days after the notice is sent.  If notice was published but direct notice was not sent to the claimant or the claimant's attorney, a verified claim must be filed with the Clerk of the United States District Court, Western District of Texas, El Paso Division, no later than **thirty (30)** days after final publication of the notice.  Additionally, any person having filed such a claim shall also serve and file an answer to the complaint with the Clerk of the United States District Court, Western District of Texas, El Paso Division, no later than **twenty-one (21)** days after filing the claim.  However,

4

no claims or answers have been filed in this cause of action and the time for filing such has expired.

Failure of the claimant to file either a verified claim or an answer in a timely manner to the complaint for forfeiture requires the entry of default judgment. *United States v. Commodity Account at Saul Stone & Co.*, 1999 WL 91910 (N.D. Ill. 1999) (once notice has been published and the time for filing claims has expired, the court may enter a default judgment against all potential claimants who did not file claims), *aff'd*, 219 F.3d 595 (7th Cir. 2000); *see also United States v. One 1978 Piper Navajo PA-31 Aircraft*, 748 F.2d 316 (5th Cir. 1984).

The Fifth Circuit also has indicated that a district court may order entry of a default for failure to comply with court rules of procedure. *One 1978 Piper Navajo PA-31*, 748 F.2d at 318, and fn. 4 (5th Cir. 1984). Indeed, federal courts, in the exercise of discretion, have held claimants to strict compliance with the provisions of Rule C(6)[1] of the Supplemental Rules for Certain Admiralty and Maritime Claims. *See Dowdy v. United States*, 516 U.S. 945, 116 S. Ct. 385, 133 L.Ed.2d 307 (1995); *United States v. $38,750 U.S. Currency*, 950 F.2d 1108, 1115 (5th Cir. 1992). *United States v. One 1978 Piper Navajo PA-31 Aircraft*, 748 F.2d 316, 318-19 (5th Cir. 1984).

## IX.

Petitioner, United States of America, moves this Court to find that the United States has proven by a preponderance of the evidence, based on the facts set forth in the Verified Complaint for Forfeiture, that there is a nexus between the Respondent Property and the violation of Title 18 U.S.C. § 1030, and that the Respondent Property is subject to forfeiture to the United States pursuant to Title 18 U.S.C. § 981(a)(1)(C), and that Forehand Traders LLC, Sheldon K. St. Prix, Flores, Tawney, Acosta P.C. Law Firm, Tawney, Acosta & Chaparro P.C., PNC Bank, AUSA District of New Mexico, and any and all other potential claimants, who were served by publication,

---

[1] Supplemental Rule C was amended effective December 1, 2006, to reflect the adoption of Supplemental Rule G which currently governs the procedure in forfeiture actions.

were properly served with notice of this civil forfeiture action.

## X.

The United States of America further moves this Court to direct the United States Federal Bureau of Investigation and/or its designated agent, to dispose of the Respondent Property, in accordance with law.

Petitioner further moves this Court to direct any and all costs and expenses regarding the seizure and forfeiture process of the Respondent Property be reimbursed to the Federal Bureau of Investigation and/or its designated agent from the Respondent Property.

## XI.
## **PRAYER**

WHEREFORE, Petitioner United States of America respectfully moves this Court to enter a Default Judgment of Forfeiture in favor of Petitioner United States of America against the Respondent Property, against any and all right, title, and interest of Forehand Traders LLC, Sheldon K. St. Prix, Flores, Tawney, Acosta P.C. Law Firm, Tawney, Acosta & Chaparro P.C., PNC Bank, AUSA District of New Mexico, and any and all other potential claimants, who were served by publication, in said Respondent Property. The United States of America also seeks such other and further relief this Honorable Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 29, 2026.

Respectfully Submitted,

JUSTIN R. SIMMONS
United States Attorney

By: *Patricia J. Acosta*
Patricia J. Acosta
Assistant United States Attorney
Texas Bar No. 90001590
700 E. San Antonio, Suite 200
El Paso, Texas 79901
Tel: (915) 534-3404
Email: patricia.acosta@usdoj.gov